PLEUS, J.
This case is another tragic example of why competent lawyers should be involved in real estate transactions.
In 1980, David and Janelle White purchased a home for $63,000. They paid $10,000 down in cash, gave a note secured by a first mortgage for $30,000 and a second note and mortgage[1] to Clifford Na-delhoffer as evidence of a $23,000 loan.
Janelle White, a non-lawyer, prepared the document which has in large bold letters on its face “mortgage deed and note.” The document can best be described as an “all-in-one,” office supply store, short-form document bearing no resemblance to a typical mortgage which secures a separate note. After filling in a few blanks, Ms. White typed in: “If and when said property is sold by Mortgagor, this Note to be paid on demand.”
Nadelhoffer died in 1995 and the personal representative of his estate assigned the document to appellants Joyanna Layton and Jacquelin Fusco. After 19 years of nine percent interest,[2] the principal and interest due on the loan exceeded the original purchase price of the property of $63,000. To make matters worse, the house is now worth less than $63,000.
Layton and Fusco filed a mortgage foreclosure suit in 1997 and the parties began settlement negotiations. A verbal settlement agreement was reached which was transcribed by a court reporter. The agreement called for a note and a mortgage which would replace the document.
*429 After the note and mortgage deed were prepared, the Whites refused to sign. The plaintiffs filed a motion to compel which the court denied. ■ At the conclusion of the trial, the Whites moved for involuntary dismissal on Count V, which alleged a bona fide dispute as to whether a maturity date was ascertainable.
Not only did the trial judge dismiss the plaintiffs’ foreclosure suit, as well he found that the document expired on December 12, 2000. The net effect was to hold that the plaintiffs were owed nothing on the 20-year-old financial obligation. We find that unjust. The refusal of the Whites to sign the note and mortgage was totally unreasonable. This case is reversed and remanded with instructions to the trial court to enforce the settlement agreement and rescind its order allowing fees and costs to the Whites.
REVERSED AND REMANDED.
THOMPSON, C.J., and HARRIS, J., concur.

. We hesitate to describe the document as a "note and mortgage.” Fience, it will be referred to herein simply as the "document.”

. At least the document does specify the interest rate and legal description.